And we'll next call the matter of the United States of America v. Altsman. Good morning, your honors. May it please the court, my name is Lisa Freeland and I'm here on behalf of Jack Altsman. I'd like to reserve three minutes for rebuttal, if I could do that. Your honors, Jack Altsman was deemed a career, an armed career criminal in this case and I think that the record clearly shows that he is not an armed career criminal and that the district court's conclusion that he was is not only incorrect, but the determination was reached in violation of his Sixth Amendment jury trial right as recognized in Apprendi v. New Jersey. Well, before we get to the issue of whether he was or wasn't, which is a merits issue here, I was struck when I first picked up the briefs in this case some time ago by the difference between the charge that this panel has received from another panel of our court and what we normally see in these cases, which is the grant of a certificate of appealability. Would you agree with me? It's the first time it's ever happened, yes. The motions panel of this court did not make a determination as to the grant of a COA, which is jurisdictional of course, but rather referred to this merits panel, quote, the question whether a certificate of appealability should be granted regarding the appellant's claim that his sentence under the Armed Career Criminal Act was imposed in violation of the Sixth Amendment. Different question entirely, different threshold. Absolutely. I mean, this is the first time I've ever seen an order like this. I've never seen one either. When I went back to review my brief and I saw that one of the subheadings said that Mr. Altman is entitled to a certificate of appealability because I filed my brief so long ago, I actually for a moment thought that I had dropped the wrong document into the brief and filed the wrong document with the court until I went back and looked at the order. I do think that a discussion of the merits is helpful to determining that issue because I think... of a COA, of course, so it's impossible to completely separate the discussions. Absolutely. But let me address the substantial showing first. The certificate of appealability directed the parties to two cases, Christensen and Thompson, on the issue of substantial showing, and those two courts, the Fourth Circuit and the Tenth Circuit, disagreed about whether the issue that's raised here was of constitutional significance. And the reason for that is because in those cases they analyzed the issue that was raised as if it was a challenge that was brought solely under Shepard versus the United States, which, as this court knows, was a decision that was based on constitutional avoidance, which is a method of statutory interpretation, and the Shepard court did not, in fact, find that anything that occurred in the district court there had violated the defendant's Sixth Amendment rights. I would submit that my claim in this case is actually an apprendi claim. It's nothing more than a claim that the district court made findings beyond the fact of a prior conviction, which is the Almendarez-Torres exception to the apprendi rule. And although I do rely on Shepard in my brief, and I believe that Shepard certainly helps my position, this court and others have recognized that what Shepard is really about is what documents a district court can look at in making the determination that something is a violent felony. Well, didn't the district court in this case simply apply the Taylor categorical approach? I believe that it attempted to do that, although... How did it fail? Its statutory analysis is flawed in my view because, I mean, first of all, it did not take account at all of the element of kidnapping that only requires that someone be removed without the consent of another. What did the district court say that it was doing? You know what, Your Honor? The district court did two things, in my view. It adopted the government's argument that kidnapping is violent because violence could erupt at any time, and then it adopted the Sixth Circuit's decision in Kaplansky, which basically said the same thing, that whether it's by threat, force, or deception, kidnapping typically involves a potential risk of serious physical injury to another because the elements of the kidnapping statute, when looking at those elements, show that the offense typically involves that kind of conduct. But aren't we beyond that because of what we said when it was on direct appeal, that, quote, it involves conduct that does present a serious risk? Isn't that, shall we say, law of the case? And you must come here now and show, as is the direction to us, show to our satisfaction that the district court made findings about the nature. So what are the findings? Well, I think there's—and I'd like to respond to that in two parts. There are findings, but first, with respect to the prior decision by this court, I think the decision in Begay is the intervening change of law from a higher court that really takes us out of the law of the case analysis, looking at these proceedings versus the direct appeal proceedings. But to answer your real question about the factual findings that were made, I think they're of two varieties. They were both real questions. Maybe I disagree with you about Begay. I don't mean to minimize your questions at all. There were two types of factual findings in this case. I think one was explicit and one was implicit. And when I was going back over my brief and reviewing the materials and also in preparing the letter that the court directed to address the applicability of Begay, I realized that I had really failed in some respect in explaining precisely the implicit findings of fact. But the finding of fact that was explicit— How does a judge make implicit findings of fact? I will explain. I promise. I'm learning a lot today. There are all kinds of things I'm being asked or told that district judges do or can do that I've never seen before. Well, I'm not asking you to let the parties resolve this without the court, at least. But I'll talk about the implicit findings first. And it goes back to the issue of the flawed statutory analysis. The district court wholly ignored the fact that one of the elements, that one way of committing kidnapping under Pennsylvania law was to do it in a nonviolent way, and that is without the consent of another. By ignoring that section of the kidnapping statute, the district court, in effect, was saying, that section of kidnapping doesn't apply in this case because this case didn't involve someone under the age of 14, and it didn't involve someone who was incapacitated. And there's no other way on this record to explain how the court just looked past that most significant subsection of 2901. The only explanation I would submit is that, in its mind, it understood that that provision didn't apply based on the particular facts of the crime in this case. But when you say this case and you say the particular facts of the crime in this case, aren't you asking us to get away from the categorical approach that the Supreme Court has mandated? No, Your Honor. I'm saying that what the district court did was got away from the categorical approach by ignoring an entire subsection of kidnapping. The only way that the court could have seen fit to put that section of kidnapping aside and not include it in its statutory analysis was to say it doesn't apply to the facts of this case. So what you're saying is the court should dissect the kidnapping statute and say that certain portions of it categorically do constitute violent felonies, but at least one part of it, the part germane to your client, does not constitute a violent felony. And it's not pertaining to my client. It's just that when you're looking at a statute that includes ways of committing it that would be a violent felony and ways that do not, the statutory analysis is inconclusive, and that's why Taylor said the categorical approach allows the district court to look at records. The district court didn't look at any records in this case. It didn't want to, and there were none available. So now you're saying the district court did not make findings. No, it didn't look at records, but it made findings. Number one, by setting... Let me read to you what the judge said on page 5 of his opinion in response to your motion. First, the court did not, he underscored, not rely upon any facts outside the indictment in guilty. I understand that that's what the district court said, Your Honor, and I believe... So we shouldn't take a district judge at his word? Your Honor, I mean, we would never have appeals if the court of appeals just took the district court at his or her word. I believe that the district court believes that the statutory analysis... Well, then go beyond that sentence and show us explicit findings of facts somewhere else in this 8-page opinion. One of the, I mean, if you look at page 6, first of all, it clearly makes my point that the district court, in setting forth the relevant portions of the kidnapping statute, didn't even finish the sentence under subsection B, grading, and didn't even write down the portion of the statute that doesn't involve violence. How's that a finding of facts? I'm saying that under my first theory, that by setting it aside, the district court was saying it doesn't apply. That's a finding of fact. It doesn't apply because the facts of this case are not such that it involved the non-consent variety. But more than that, Your Honor, the particular and explicit finding of fact that the court made was that the offense of kidnapping, whether by threat, force, or deception, that the reason that it constituted a violent felony was because violence could erupt at any time. And that was really just an adoption of the government's argument, based on legislative history, that because this is the type of crime where at any moment it could turn violent. There's nothing in the statute, and there's nothing in the prior record, that conclusively determines that kidnapping of any variation, but in particular the non-consent, could turn violent at any time. That's a factual finding. Okay, but what about the language in the James opinion that informs us that, quote, the ACCA does not require metaphysical certainty? It doesn't require metaphysical certainty. That is true, and what I will concede, Your Honor, is that if the kidnapping statute did not involve the possibility that it could be... Potential. Potential really is the actual word. Yes, it is. If the kidnapping statute did not have a provision that did not ever, by definition, involve violence, aggression, risk of physical injury, if that provision of the kidnapping statute were not there, then the district court statutory analysis would not be flawed. It would be correct. And based on the other elements of kidnapping, it would be fair under James to reach the determination that it did. But James highlighted what both Taylor and Shepard said, which is the analysis has to be based on the elements of the offense, and any analysis that wholly ignores a single element of the offense is problematic. And that actually makes your job pretty difficult, doesn't it, because Justice Alito said in James that Taylor's categorical approach, quote, raises no Sixth Amendment issues. So if you're stuck with a categorical approach, there's no Sixth Amendment implication to the application of that test, period. And I see my red lights on, but could I just answer your question? The categorical approach, Taylor, James, and Shepard, they raise no Sixth Amendment problem. What they do is they explain to district courts the procedures that must be followed in assessing the armed career criminal statute. Shepard goes a little bit farther and says, because it was decided post-apprendi, if these procedures, if this categorical approach is not followed strictly, it raises serious concerns about the constitutionality of the statute. The constitutional issue in this case is whether or not what the district court did violated the rule of apprendi, not whether it violated the categorical approach, but as a matter of fact, it's violation. Its flawed statutory analysis and its improper application of the categorical approach, just as Shepard surmised, did, in fact, in this case, result in a Sixth Amendment violation because the findings of the district court, both explicit and implicit, went beyond the facts that were conclusively determined by the prior judicial record. All right, thank you very much. We'll have you back for rebuttal, Ms. Freeland. Ms. Haywood. May it please the court. Rebecca Haywood here on behalf of the United States of America. I'd first like to start with a procedural point that this court noted. There has not been a certificate of appealability granted in this case at this point. So that's got to be our first point of business. That's correct. And the certificate should not issue in this case. There is simply no Sixth Amendment problem in this case. You mean no substantial showing? No substantial showing whatsoever. The district court in this case did not find any facts. The district court followed the Supreme Court's decision in Taylor, used a categorical approach to determine that attempted kidnapping. What Mr. Altman is asking you to hold today is that attempted kidnapping, that there has been a substantial showing that attempted kidnapping is not a violent felony under the ACCA. And the district court in this case did not find specific facts about this offense, which I'm sure this court is aware were quite heinous facts. The district court did not delve into the facts of this case, but specifically found inherently attempted kidnapping is a violent felony because it poses a serious potential risk of physical injury to another. And that is the question, whether there has been a substantial Sixth Amendment showing. And I'd like to add as well today, Counselor Lewis. So this was simple statutory interpretation as far as the government's concerned? Absolutely. And statutory interpretation that the Supreme Court in James engaged in. In 2007, the Supreme Court's decision in James, the Supreme Court found that attempted burglary fit within the residual clause of the ACCA. And to make that type of categorical determination about whether attempted burglary was a violent felony, of course there have to be certain assumptions made about the nature of the underlying offense. And the Supreme Court in James underwent the same type of analysis that the district court in this case underwent in determining that attempted kidnapping met the requirements of the ACCA. And I also would like to just point out that when you look at the kidnapping statute that was at issue in Pennsylvania, it's not simply the portion that Mr. Altman's counsel referred to that talks about the grading provision. That's only one portion of kidnapping. In order for kidnapping to satisfy the statute, you have to satisfy Part A, which requires the unlawful removal for a substantial distance from a substantial place of a person, as well as an unlawful confinement with four specific intent provisions. So it's not simply taking a child under 14 without the consent of the parent. So for instance, if I picked up a child at soccer practice and took them without the consent of a parent, that's not kidnapping. You have to take the person with intent to either hold for ransom or reward, to facilitate the commission of a felony, to inflict bodily injury. Those specific intent provisions also apply to the kidnapping statute, which is why inherently it is a crime that poses a serious potential risk of injury. So you have to read the statute in whole. And again, another point. To the extent that this appeal is based on Apprendi. Apprendi was decided, I believe, in 1998, well before Mr. Altman took his direct appeal to this court. So this issue was not raised. The only issue was the issue of statutory interpretation. There was no Sixth Amendment issue raised. To the extent now that there's an attempt to raise an issue, it would be procedurally barred under the habeas statute. Now to the extent that Shepard is the basis for this claim, which did post-date the direct appeal, that's a question that would involve a question of the retroactivity of Shepard. And numerous courts have held that Shepard, Booker, those types of cases involve procedural matters that are not to be applied retroactively. So getting back to whether a certificate of appealability should issue, it simply should not issue on the Sixth Amendment question. Now this court also did direct us to address the question of the gay. I note there really hasn't, even at this point, been a formal request to add the separate question that was raised in the gay here. The gay did not involve the Sixth Amendment question. The gay clearly was an issue of statutory interpretation. To the extent that this issue hasn't been even properly raised before this court, the government would note that. And it would also note, on the other hand, that there isn't a substantial showing with regard to the gay either. This court has already held that attempted kidnapping does raise a potential serious risk of physical injury in its initial decision. The gay didn't change that that is something that has to be shown before someone can be held to be an arbitrary criminal. What the gay added was an additional analysis. In addition to posing that serious potential risk, the gay added a portion that provides that to be a proper predicate, that it has to be roughly similar in kind to the enumerated offenses. And the gay went on to say that the enumerated offenses are similar because they're purposeful, they're aggressive, and violent. And kidnapping certainly fits within the definition of violent, purposeful, and aggressive behavior. And as a result, the government would request that this court deny the request for a certificate of ability in this case. Let me ask you one question, just hypothetically. What if there is a statute that prohibited shoplifting and Department of Justice statistics indicated that in 98% of all shoplifting incidents, there was no violence? Let's even go further and say that the statute had various subsections, nine out of ten of which talk about things that are fairly innocuous, and one out of ten which contemplates some sort of physical confrontation. Would that statute constitute a violent felony for purposes of the Armed Career Criminal Act? It certainly would not. It would be more similar to the DUI that the Supreme Court in the gay held was the type of offense that is not similar in kind to the enumerated offenses in the residual clause of the ACCA. And I'd note, too, that the offenses listed in the residual clause, as noted by the dissents in the gay, are not similar in their elements. So the government's position is not that to fit within the residual clause. You have to be exactly or closely similar in elements. But those enumerated offenses are similar in that they engage in purposeful, violent, and aggressive conduct. And the statute that you described would not also seem to fit within the type of offense. What about a special kidnapping statute that addressed only the instance of a birth parent removing his or her child contrary to a court custody order? Well, certainly the removal of a child pursuant to a court custody order could, in fact, lead to violence. It would be purposeful, and it would be aggressive in terms of a violation of a court's order. No, I just, you know, my child is supposed to be with me through Sunday evening, and I keep him with me into Monday. I mean, wouldn't that, in fact, be more typical of the parental violations than the kind of what we typically refer to as kidnapping? What I'm trying to do is posit a kidnapping statute that doesn't have the same sort of violence, I think, that is colloquially associated with a typical kidnapping of a stranger. Well, if that was a special type of statute that was enacted, it could potentially fall outside. But, again, even under that type of statute, there certainly could be a risk that if a parent doesn't receive the child that there could be a confrontation. I mean, and again, as Judge Smith noted, James, the Supreme Court in James, talked about not going to metaphysical outlying cases. You're talking about the ordinary case of a particular statute, and even under that type of statute, the ordinary case of someone not returning a child, as we all read in the news, can often lead to very dangerous violations. How do we define a normal case? Just common sense? Absolutely, absolutely. There has to be some type of common sense that is used by courts to determine what type of statutes fit with using a categorical approach. I mean, again, the categorical approach is, as a whole, what type of crimes fit within a particular offense conduct. And you do have to use common sense when you're applying those type of definitions and terms that the Supreme Court has mandated to be used. If there are no further questions, again, I'd ask that the certificate of ability be denied, and thank you very much. Thank you. Ms. Freeland, rebuttal? Thank you, Your Honor. A couple of points. I don't want it to get lost that Mr. Altsman was not convicted of kidnapping in this case. And I hear, I mean, I know we're dealing here with the elements of kidnapping, but the crime of conviction that was found to be a violent felony in this case is criminal attempt. None of the elements of criminal attempt, and no one has ever suggested, include violence, which is why we look to the kidnapping statute. And I do agree with Ms. Haywood on one point, that is that you do need to read the statute as a whole. My problem with what the district court did under the categorical approach is that it didn't read the statute as a whole. And that's exactly why we got the Supreme Court's decision in Taylor, because that court also was dealing with a statute that involved some forms of the crime that could fit the definition and some that did not. And what the Taylor court told us under the categorical approach is when you're dealing with a statute that could be violated in a way that would satisfy ACCA, and also involved other types. In Taylor it was generic burglary and non-generic burglary. But statutory analysis is inconclusive. And the only way... How do you respond to your friend across the aisle who argues that when you state this is an Apprendi issue, it's procedurally defaulted because that was out there during the time of your first appeal and was not raised? Your Honor, I... I think that... I was looking back in my brief as she was speaking, and I don't have the exact dates. I know that Apprendi was decided... 2000. And I don't know what the precise date here was. If the claim was defaulted by failure to raise on direct appeal, I do believe that we would be able to overcome any default by showing that Mr. Altman, in fact, is innocent of that ACCA statutory provision. That is, if he is not, in fact, an armed career criminal under the residual clause, then there's an element of the statute that he's actually innocent of, and that would amount to a miscarriage of justice under the law. But I also want to talk a little bit about Begay, because the court asked for a briefing on that, and I think that... I have to disagree with Ms. Haywood. I mean, Begay did significantly change the ACCA inquiry, and by adding the second step of finding that the prior conviction not only had to raise this potential risk of serious physical injury to another, but had to be violent, aggressive, and purposeful, again takes us back to the kidnapping statute, and the same statutory analysis must apply. And the thing... If I were looking at this case to determine whether or not the statutory analysis was correct, I would ask myself, what part of Kaplansky, what part of the district court's determination and findings and conclusions of this case take into account the provision of the kidnapping statute that doesn't involve violence? Because it has to... The analysis, of course, Judge Hardiman, has to be based on common sense, but it's common sense in interpreting the elements of the statute. It's not a judge's common sense about do I think kidnapping is typically violent or could erupt in violence, but does my common sense tell me that these statutory definitions, these words on the page, tell me that typically this is a crime involving violence? And I think if you look at the words on the page... We don't have to just resort to common sense. We can look to an offense like kidnapping, which has a long, long history prior to its codification in anything like the Washington Code, and determine its nature. Your Honor, with all due respect... What is the potential from that? With all due respect, kidnapping is variously defined in many jurisdictions and variously defined in this jurisdiction, and the categorical approach simply would not allow... Has it ever been defined as taking place by consent? It would never be defined as taking place by consent, but without the consent of another, as Judge Hardiman pointed out, if you take person A without the consent of person B that's in another state, that is simply not an offense that is violent and aggressive in its nature. And that is what kidnapping could be under Pennsylvania law. I think we understand. Thank you. Ms. Freeland, thank you both to counsel. We'll take the matter under advisement.